FILED
IN CLERKS OFFICE
2006 APR 24 P 1: 3?
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RALPH J. CIMON, III,
Plaintiff

v.

CHRISTOPHER GAFFNEY
Defendant

Civil Action No. 05-12236-JLT

AMENDED COMPLAINT

COUNT I – NEGLIGENCE

1. The Plaintiff, Ralph Cimon, was at all times relevant, a resident of Maine, and now resides in Stratham, New Hampshire.

2. The Defendant, Christopher Gaffney, is an individual and resides at 30 Woodland Street, Sherborn, Massachusetts.

3. The Plaintiff filed suit in this action in the Knox County Superior Court in Rockland, Maine on October 2, 2003. The former Defendant Berkshire Life Insurance Company removed this action to federal court pursuant to 28 U.S.C. § 1441, et seq based on diversity of citizenship due to the involvement of citizens of different states and the matter in controversy exceeding the value of $75,000 exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. §1391 in that the Defendant Christopher Gaffney lives in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

5. At all times relevant, the Defendant Gaffney was an insurance agent, handling certain insurance matters for the Plaintiff.

6. On or about the summer of 2000, the Plaintiff had a Policy of Disability Insurance in full force and effect with Berkshire Life Insurance Company (hereinafter "Berkshire").

7. The insurance agent handling all matters relating to the aforementioned Disability insurance policy was the Defendant Gaffney.

8. The Plaintiff closed his Amesbury, Massachusetts dental office in the late summer of 2000. The Plaintiff kept his Amesbury post office box address until the end of October 2000 and still received office mail there until the end of October 2000. The Plaintiff kept the post office box open in order to ensure that he would receive his professional journals and billings.

9. At or about the time of the move, the Plaintiff sent Berkshire a "Change of Address" card from his address in the State of Maine.

10. From the State of Maine, the Plaintiff called the Defendant Gaffney on the telephone after the office in Amesbury, Massachusetts was closed. The Plaintiff informed the Defendant Gaffney that he had taken a job with the V.A. in Maine and gave the Defendant Gaffney his new address and telephone number in Maine. The Plaintiff also requested an appointment with the Defendant Gaffney to discuss increasing his Disability Insurance because the Plaintiff's salary would be increased in his new job with the V.A.

11. The Defendant Gaffney informed the Plaintiff that he was moving, that the moving van was in front of his house at that moment, but that he would follow up on this inquiry and call the Plaintiff at a more convenient time.

12. The Defendant Gaffney never contacted the Plaintiff again.

13. On or about December 2000, Berkshire sent out the quarterly bill for the Plaintiff's Disability Insurance. The bill for the Disability insurance was returned to Berkshire because the Plaintiff's post office box in Amesbury, Massachusetts had been closed.

14. Berkshire then contacted the Defendant Gaffney to obtain the updated address for the Plaintiff. Berkshire failed to establish contact with the Defendant Gaffney.

15. On or about December 2000, the Plaintiff had an address of 4 Nathan Court, Brunswick, Maine. The Plaintiff was listed in the telephone book and had also registered with the Board of Dental Examiners for the State of Maine.

16. The Plaintiff never received any notification from his agent, the Defendant Gaffney that the premium bill had been returned as undeliverable. The Defendant Gaffney had been supplied with the Plaintiff's new address and the Defendant Gaffney had been given their telephone number.

17. Despite the fact that the Plaintiff's Disability policy had been in good standing for seven years, Berkshire canceled the Disability Policy for non-payment of premiums on or about March 28, 2001. The Defendant Gaffney knew that the Plaintiff was a dentist and could easily have located him by contacting the Board of Dental examiners for the State of Maine.

18. On or about October 27, 2001, the Plaintiff was injured in a severe automobile crash and subsequently became totally disabled and had a complete inability to perform the material duties of his former job or of any other gainful occupation for which the Plaintiff was reasonably fitted by his training, education, background or experience.

19. If the Disability Policy had been in force and effect, the Plaintiff would have been entitled to collect Disability Benefits in the amount of $3,000 per month for the injuries he sustained in the October 27, 2001 car crash.

20. On or about September 25, 2002, the Plaintiff became fully and totally disabled.

21. After the October 27, 2001 car crash, the Plaintiff contacted Berkshire concerning his Disability Insurance. The Plaintiff then discovered for the first time that his Disability Insurance had been cancelled as a result of the negligence of the Defendant Gaffney.

22. Berkshire has refused to pay any Disability Benefits due under the policy.

23. The Defendant breached numerous duties of care to the Plaintiff, including but not limited to the duty to accurately record and utilize information regarding his new address and telephone number in Brunswick, Maine, the duty to follow established procedures for change of address of a policyholder, the failure to use reasonable measures to obtain an accurate address and telephone number for the Plaintiff, the failure of the Defendant Gaffney to provide Plaintiff's address and telephone information to Berkshire, and the duty to obtain an accurate address and telephone number for the Plaintiff once the Defendant Gaffney had undertaken a search to locate the Plaintiff.

24. As a direct and proximate result of the negligence of the Defendant Gaffney as aforesaid, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against the Defendant Gaffney in an amount to be determined by the trial of this action, plus interest and costs as allowed by law.

## COUNT II – CHAPTER 93A CLAIM

25. The Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1 through 24 of this Amended Complaint as if fully set forth herein.

26. The Defendant Gaffney's actions as set forth previously were unfair or deceptive acts or practices declared unlawful by M.G.L. Chapter 93A, Section 2, and the regulations promulgated pursuant to M.G.L. Chapter 93A, Section 2(c).

27. The Plaintiff (through his wife) tried to make contact with the Defendant Gaffney (attached as "A").

28. The Plaintiff requested relief and gave notice of this claim to the Defendant Gaffney by letter dated November 27, 2001, (a copy of which is attached as "B") pursuant to M.G.L. Chapter 93A, Section 9(3).

29. The Plaintiff made a written offer to settle the case, but Defendant Gaffney neglected, failed and refused to settle or even to contact the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendant Gaffney in the amount of his actual damages and that the Plaintiff be awarded treble the amount of his actual damages pursuant to Massachusetts General Laws, Chapter 93A, Section 9; that the Plaintiff be awarded his reasonable attorney's fees; that the Plaintiff be awarded the costs of this action; that the Plaintiff be awarded interest; and that the Court order such other and further relief as it deems necessary and proper.

Dated: April 21, 2006

C. Donald Briggs, III
Maine Bar Reg. #6784
Briggs & Counsel
815 Commercial Street
Rockport ME 04856-4243
(207) 596-1099

Dr. & Mrs. R. J. Cimon
4 Nathan Court
Brunswick, Maine 04011
207-725-6087
jcimon1844@aol.com

November 26, 2001

Mr. Christopher Gaffney
30 Woodland Street
Sherbourne, MA 01770

Dear Mr. Gaffney:

I have been trying to reach you for over a week, without success. I have called 508-651-2274 and 508-655-6116 during the day and the early evening to no avail. There is no answering machine or voice mail on either of these lines.

Please call me during the daytime on a matter of great importance at the above number. I have been in contact with Lydia at the Attorney General's office and I need to speak to you as soon as possible.

Sincerely,

Jean Cimon

Jean Cimon

A

Dr. & Mrs. R. J. Cimon, III
4 Nathan Court
Brunswick, ME 04011
207-725-6087
jcimon1844@aol.com

November 27, 2001

Mr. James Zilinski, President
Mr. Craig Cusson, Policy Services Manager
Berkshire Life Insurance Company
700 South Street
Pittsfield, MA 01201

Dear Sirs:

I am writing to you under the provisions of Massachusetts General Laws, Chapter 93A, Section 9, the Consumer Protection Act. I am writing to request relief as outlined in that statute.

On or about March 28, 2001, the following unfair or deceptive act(s) or practice(s) occurred: My disability policy #NC H0320788 was canceled unjustly. When Berkshire Life was contacted by telephone to change my mailing address to:

4 Nathan Court
Brunswick, Maine 04011

The representative erroneously changed the address to:

4 Mason Street
Brunswick, Maine

This policy is billed quarterly. When the mail was returned as undeliverable, no attempt to telephone me was ever made either by Berkshire Life or it's representative Mr. Christopher Gaffney, my agent, even though both had my new (present) telephone number. This policy had been in good standing for 7 years at the time of cancellation.

I believe these practices are unlawful and unfair by Section 2 of Chapter 93A, which declares unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce unlawful..

I have suffered injury or loss of money or property as follows: Unwanted, unfair cancellation of a disability insurance policy.

This letter serves as my request for the following relief: Reinstatement of policy #NCH0320788, for which a check in the amount of $2054.64 for total premium, is enclosed. Under the provisions of Section 9 Chapter 93A, I am providing you with the opportunity to make a written offer of settlement of this claim within 30 days. If you fail to make a good faith offer of settlement in response to this request, and I institute legal action, a court may award me double or triple damages, attorney's fees and costs if the court finds in my favor.

I may be reached at the address written above or at 207-725-6087 between the hours of 6pm and 9pm. I look forward to hearing from you.

Sincerely,

Ralph J. Cimon, III, D.M.D.

CC: Mr. Christopher Gaffney



B

Correspondence to Christopher Gaffney

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher Gaffney
30 Woodland St.
Sherbourne, MA
01770

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Chris Gaffney

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7001 1940 0003 1776 1414

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher Gaffney
30 Woodland St.
Sherbourne MA
01770

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature X [signature] ☐ Agent ☒ Addressee

B. Received by (Printed Name) Chris Gaffney

C. Date of Delivery 12/12/01

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7001 1940 0003 1777 2083

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509