UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:05-CV-12236

RALPH J. CIMON, III,
        Plaintiff

v.

BERKSHIRE LIFE INSURANCE
COMPANY, ET. AL.,
        Defendants

ANSWER
TO AMENDED COMPLAINT

For his answer, the defendant Christopher Gaffney states as follows:

## COUNT I – NEGLIGENCE

1. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

2. Admitted.

3. The allegations of the paragraph are admitted, except for the allegation that Cimon has suffered damages in excess of $75,000, which is denied.

4. Admitted.

5. Admitted.

6. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

7. Denied. Gaffney admits that he sold a Berkshire Life Insurance Company policy to Cimon, but denies that he "was handling all matters relating to the" Berkshire Life disability policy.

8.	Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

9.	Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

10.	Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in the first and second sentences of this paragraph, and so they are denied. Gaffney admits that he had a brief telephone conversation with Mrs. Cimon regarding increasing his disability insurance, but that he never met with Cimon or discussed an increase in insurance with him after the brief telephone call.

11.	Admitted.

12.	Admitted.

13.	Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

14.	Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

15.	Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

16.	Admitted.  Gaffney further states that he never represented to Cimon that he would notify Berkshire of Cimon's change of address, nor did Cimon ask him to do so.

17.	Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

18. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

19. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

20. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

21. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied, except that Gaffney denies that he was negligent in any respect.

22. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

23. Denied.

24. Denied.  Answering further, Gaffney states that he has not failed in any duty he owed to Cimon.

## COUNT II – CHAPTER 93A CLAIM

25. Gaffney hereby incorporates by reference all of his responses to the allegations contained in Paragraphs 1 – 24.

26. Denied.

27. Gaffney is without knowledge or information sufficient to form a belief as to the veracity of the averments contained in this paragraph, and so they are denied.

28. Gaffney admits that he received a copy of the demand letter. Gaffney denies that the letter was intended to, nor did it, put him on notice that Cimon was

making a claim against him. Answering further, Gaffney states that the letter attached as Exhibit B does not meet the prerequisites for a claim under M.G. L. c. 93A.

29.   Denied.

## FIRST AFFIRMATIVE DEFENSE

Cimon's damages, if any, were caused by his own negligence, or that of another for which Gaffney is not responsible.

## SECOND AFFIRMATIVE DEFENSE

Cimon was negligent in a far greater degree than was Gaffney, and so his recovery is barred.

## THIRD AFFIRMATIVE DEFENSE

Cimon failed to meet the statutory prerequisites for an action pursuant to G.L .c. 93A, and so the claim is barred.

## FOURTH AFFIRMATIVE DEFENSE

Gaffney violated no duty owed to Cimon, and so cannot recover.

## FIFTH AFFIRMATIVE DEFENSE

Cimon's claims are barred by the relevant statutes of limitation.

THE DEFENDANT, CHRISTOPHER GAFFNEY DEMANDS A JURY TRIAL ON ALL ISSUES WHICH MAY BE TRIED TO A JURY.

<u>CERTIFICATE OF SERVICE</u>

      I, David J. Officer, hereby certify that on January 11, 2007 I electronically filed a an Answer to Plaintiff's Amended Complaint with the Clerk of the Court using CM/ECF system and I have served a copy of the foregoing via first-class mail, postage prepaid, upon the following counsel of record:

C. Donald Briggs, III
Briggs & Counsel
815 Commercial Street
Rockport, ME  04856-4243
dbriggs@dbriggslaw.com

Russell B. Pierce
Norman, Hanson & De Troy
415 Congress Street
Portland, ME  04112
rpierce@nhdlaw.com

    /s/ David J. Officer
    David J. Officer, Esquire BBO #  555253
    FLETCHER, TILTON & WHIPPLE, P.C.
    The Meadows
    161 Worcester Road Suite 501
    Framingham, MA  01701
    Tel. (508) 532-3513; (508) 532-3113
    dofficer@ftwlaw.com